VON'S INVESTMENT COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74643. Promulgated September 13, 1935.

*A. Calder Mackay, Esq.*, for the petitioner.
*Ralph E. Smith, Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in income tax for 1930, in the amount of $49,711.35. The petitioner alleges that the respondent erred in determining that petitioner realized a taxable profit of $439,360.39 on account of its receipt of cash and shares of stock in the MacMarr Stores, Inc.

The facts have all been stipulated, and, briefly, they are as follows:

Charles Von Der Ahe and Linda Von Der Ahe were husband and wife during the period with which we are here concerned.

Von's Inc. was organized under the laws of the State of Delaware on May 11, 1926. Its principal activities consisted of the operation of a chain of grocery stores in California. There were 40,000 shares of stock issued, of which Charles Von Der Ahe owned 23,015, and Linda Von Der Ahe, his wife, owned 7,426. The balance, 9,559, was owned by minority stockholders. Charles Von Der Ahe was

president of Von's Inc., and he and his wife were members of a directorate of four.

On January 9, 1929, an agreement was entered into between Charles Von Der Ahe and Merrill, Lynch & Co., whereby it was agreed that Charles Von Der Ahe would cause all the assets of Von's Inc. to be transferred to the MacMarr Stores, Inc., a Maryland corporation organized in 1928 for the purpose of taking over a chain of grocery stores in Oregon and Washington. The consideration named in the contract was cash in the amount of $880,000. Under date of March 27, 1929, this agreement was amended to provide that the consideration for the assets to be acquired would be 5,000 shares of no par value stock of the MacMarr Stores, Ltd., a California corporation, which stock was to be immediately transferred to the MacMarr Corporation, a Delaware corporation, in exchange for 500 shares of $1 par value stock of that corporation. Immediately upon receipt of the 500 shares they were to be transferred to the MacMarr Stores, Inc., the Maryland corporation, in exchange for 11,000 shares of stock of the latter corporation and $715,000 cash, subject to certain minor deductions due to dividends, etc.

On April 15, 1929, Charles Von Der Ahe caused the Grocers Securities Co. to be organized, with a capital of 2,500 shares of no par common stock.

On April 18, 1929, Charles Von Der Ahe made an offer to transfer to the Grocers Securities Co. his 23,015 shares of capital stock of Von's Inc. in exchange for 2,303 shares of the capital stock of the Grocers Securities Co. Such offer was accepted by the Grocers Securities Co. and the exchange was made on May 3, 1929.

The 23,015 shares of stock of Von's Inc. had been acquired by Charles Von Der Ahe prior to the year 1927, at a total cost of $86,723.18. The exchange mentioned above was treated by the respondent as a transaction in which neither gain nor loss was recognized under the provisions of the Revenue Act of 1928.

On March 4, 1929, Linda Von Der Ahe caused Von's Investment Co., Ltd., the petitioner herein, to be organized under the laws of California, with an authorized capital of 2,500 shares of no par value common stock.

On May 6, 1929, Linda Von Der Ahe made a written offer to transfer to petitioner her 7,426 shares of Von's Inc. in exchange for the issuance to her of 743 shares of the capital stock of petitioner. The offer was accepted by petitioner and the exchange made on May 31, 1929.

The 7,426 shares of Von's Inc. had been acquired by Linda Von Der Ahe prior to 1927, at a total cost to her of $27,412. The exchange mentioned above was treated by the respondent as a transaction in

which neither gain nor loss was recognized under the provisions of the Revenue Act of 1928.

On June 18, 1929, the petitioner and the Grocers Securities Co. entered into a written agreement under which the Grocers Securities Co. was to transfer to petitioner all its assets in exchange for 2,303 shares of the capital stock of petitioner.

On July 3, 1929, the petitioner caused its articles of incorporation to be amended, increasing its authorized capital stock to a total of 7,500 shares of no par value.

Pursuant to the contract of June 18, 1929, the petitioner, on July 5, 1929, acquired from the Grocers Securities Co. all of its assets, consisting of 23,015 shares of capital stock of Von's Inc., on which date its shares of stock had a fair market value of $506,330.

Immediately after the acquisition by the Grocers Securities Co. of the 2,303 shares of stock of the petitioner, the Grocers Securities Co. owned 75.6 percent of the total issued and outstanding stock of petitioner, and the balance of the issued and outstanding stock, 24.4 percent, was then owned by Linda Von Der Ahe. The Grocers Securities Co. then distributed all its assets (2,303 shares of capital stock of petitioner) to Charles Von Der Ahe. The Grocers Securities Co. was then dissolved, its decree of dissolution being granted by the Superior Court of the State of California on August 23, 1929.

The exchange between the petitioner and the Grocers Securities Co., like the other exchanges mentioned above, was treated by the respondent as a transaction in which neither gain nor loss was recognized under the provisions of the Revenue Act of 1928.

The MacMarr Stores, Ltd., took over the grocery business and assets connected therewith of Von's Inc. on April 15, 1929. The entire transaction was not completed until October 15, 1929, at which time the MacMarr Stores, Inc., in exchange for 11,000 shares of its capital stock and $577,317.92 in cash, acquired all of the assets of Von's Inc., which then consisted of 500 shares of the capital stock of the MacMarr Corporation, a Delaware corporation, acquired by petitioner as aforesaid. Immediately upon receipt of the consideration by Von's Inc. it distributed its assets in liquidation to the stockholders and was then dissolved. Pursuant to such liquidation and distribution the petitioner, as owner of 30,441 shares of stock of Von's Inc., received its proportion thereof in cash in the amount of $439,360.29, and 8,371,275 shares of MacMarr Stores, Inc., stock. Other stockholders of record received cash and stock in the proportion that their stockholdings were to the total stock outstanding.

The respondent's deficiency is based upon the theory that petitioner's cost basis of the stock of Von's Inc. for the determination of its gain is the cost of the stock of Charles Von Der Ahe and his wife,

to wit, $114,135.18, whereas petitioner contends that its cost basis of 23,015 shares of stock of Von's Inc. is the fair market value of that stock at the date of petitioner's acquisition of it from the Grocers Securities Co., namely, $506,330, and that petitioner's cost basis of the 7,426 shares of stock of Von's Inc. is the cost thereof to Linda Von Der Ahe, namely, $27,412. The parties have stipulated that, in case the Board determines that petitioner is not entitled to use as its cost basis the fair market value of the 23,015 shares of stock of Von's Inc. at the date acquired by petitioner, the deficiency shall be approved. They have further stipulated that, in the event the Board holds that petitioner is entitled to use as its basis the fair market value of the 23,015 shares of said stock at the date received, the Board may enter a deficiency in the amount of $2,155.94.

Section 112 (b) (4) of the Revenue Act of 1928 provides:

(b) *Exchanges solely in kind.*—

\*          \*          \*          \*          \*          \*          \*

(4) SAME—GAIN OF CORPORATION.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

Section 112 (b) (5) provides:

(b) *Exchanges solely in kind.*—

\*          \*          \*          \*          \*          \*          \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

Section 112 (i) provides:

(i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation) \* \* \*.

Sections 113 (a) (7) and (8) provide:

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*          \*          \*          \*          \*          \*          \*

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corpo-

ration in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer; * * *

(8) SAME—CORPORATION CONTROLLED BY TRANSFEROR.—If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or its securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

It will be noted from the facts set forth above that Charles Von Der Ahe and his wife, owning in the aggregate, 30,441 out of 40,000 shares of stock of Von's Inc., had an opportunity to sell the same in 1929, and the husband entered into a contract with Merrill, Lynch & Co., bankers, for the sale of the stock. For reasons best known to themselves, the petitioner was organized to acquire these shares before they were actually transferred to the vendee. The wife first transferred her shares to the petitioner; the husband did not transfer his directly to the petitioner, but first transferred them to the Grocers Securities Co., an ephemeral corporation organized for the purpose of receiving them. This corporation apparently had no reason for existence except to receive the title to the shares prior to their transfer to the petitioner. It was merely a conduit for the passing of title from the husband to the petitioner. That it had no other business purpose is shown by the fact that it was dissolved on August 23, 1929.

If Charles Von Der Ahe and his wife had transferred their shares in Von's Inc. directly to the petitioner in exchange for the shares of stock of the petitioner, and the petitioner had then sold their shares, the basis for the computation of gain upon the sale would, under section 113 (a) (8) of the Revenue Act of 1928, have been the basis of the transferor. The petitioner contends, however, that by reason of the difference in time of the transfer by the husband and the wife, and by reason of the fact that title to the shares of stock owned by the husband was first transferred to the Grocers Security Co., and then by that company transferred to the petitioner, the basis for the computation of the profit upon the sale of the 23,015 shares of stock of Von's Inc. originally owned by Charles

Von Der Ahe is the fair market value of the shares at the time that they were transferred by the Grocers Security Co. to the petitioner.

The facts in this case are similar to those in *Ared Corporation*, 30 B. T. A. 1080. There, a man and his wife, who knew that certain shares of stock owned by them could be sold at a substantial profit, formulated a plan to place the shares of stock in a new corporation (the Ared Corporation) and, through the medium of another corporation organized solely for such purpose, to try and minimize the anticipated profits by claiming a stepped-up basis for the shares of the stock in hands of the corporation. We held that the basis for computing gain upon the sale was the same as it would have been had the transferors sold the shares directly.

In the administration of the taxing statutes courts look at substance and not form. A case of this character is *MacQueen Co.* v. *Commissioner*, 67 Fed. (2d) 857. There, all of the stock was held by three individuals, who purported to sell real estate to S. A. MacQueen, who was president, director and majority stockholder of the company, for a price which would reflect a small amount of gain. On the following day MacQueen purported to resell the property to one Hatfield for a higher price under an agreement that he would receive the proceeds in trust and distribute them to the stockholders of the corporation. After the plan had been effected exactly as contemplated at the outset, the corporation contended that it was a party only to the first transfer and that it should be taxed only on the limited property involved in the first sale price. The court rejected this contention and held the corporation liable for the profit realized on the sale.

See also *United States* v. *Klausner*, 25 Fed. (2d) 608, and *Hellebush* v. *Commissioner*, 65 Fed. (2d) 902.

If, through the device of the organization of the Grocers Securities Co. and the transfer to it of the 23,015 shares of the stock of Von's Inc., merely for the purpose of acting as a conduit and the holding of legal title to those shares for only a brief period of time, the petitioner is enabled to obtain a stepped-up basis for the computation of gain upon the sale of the shares, the result would be to " exalt artifice above reality and to deprive the statutory provisions in question of all serious purpose ", which practice was condemned in *Gregory* v. *Helvering*, 293 U. S. 465.

We are of the opinion that the respondent correctly held that the basis for the computation of gain on the sale of the 23,015 shares of Von's Inc. obtained by it from the Grocers Securities Co., was the cost of those shares to Charles Von Der Ahe, namely, $86,723.18, the real transferor in the case.

*Judgment will be entered for the respondent.*