VON'S INVESTMENT CO., LTD., *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74643. Promulgated May 26, 1939.

*A. Calder Mackay, Esq.,* for the petitioner.
*B. M. Coon, Esq.,* for the respondent.

OPINION.

ARNOLD: The normal and natural consequences which flow from the acts of interested parties in obtaining a desired objective will frequently reveal their intent and purpose more clearly than their declarations with respect thereto. In making the foregoing findings of fact we have analyzed the testimony of Charles and Linda Von Der Ahe with relation to the stipulated facts and also what was done pursuant to the plan of reorganization embodied in the amended Merrill contract. The Merrill contract originally provided for the acquisition by the MacMarr Stores, Inc., a Maryland corporation, of the chain of grocery stores owned by Von's Inc. for a cash consideration of $880,000. By amendment Von's Inc. was to transfer its assets to MacMarr Stores, Ltd., a California corporation, for 5,000 shares of its stock. Von's Inc. was to immediately exchange these 5,000 shares for 500 shares of the MacMarr Corporation, a Delaware corporation. Von's Inc. was then to exchange the 500 shares of the Delaware corporation for 11,000 shares of MacMarr Stores, Inc., a Maryland corporation, and $715,000 in cash, less certain minor deductions. It is stipulated that the MacMarr Stores took over the grocery business and assets of Von's Inc. on April 15, 1929, but that the entire transaction was not completed until October 15, 1929, at which time, Von's Inc. exchanged its 500 shares of stock in the MacMarr Corporation for 11,000 shares of stock and $577,317.92 in cash pursuant to the Merrill contract, as amended. The petitioner, as the owner of 30,441 shares of Von's Inc., was entitled to and actually received $439,360.29

in cash and 8,371.275 shares of stock of the MacMarr Stores, Inc., upon the dissolution of Von's Inc.

Charles and Linda Von Der Ahe were in a position to cause the successive transfers of Von's Inc. assets despite the change in form of said assets, by virtue of their stock ownership in Von's Inc., which amounted to more than 75 percent of the outstanding capital stock. Without the interposition of Grocers and the petitioner, Charles Von Der Ahe would have realized a substantial profit upon the Merrill contract, as amended, because the dissolution and liquidation of Von's Inc. would have resulted in the distribution to him of over 50 percent of the cash and stock received by Von's Inc. from the MacMarr Stores, Inc. By interposing Grocers, and by going through the form of a corporate reorganization with Grocers and the petitioner, Charles Von Der Ahe attempted to change the basis of his Von's Inc. stock from a cost of $86,723.18 to $506,330, which represents the stipulated fair market value of the assets of Grocers at the time it exchanged the 23,015 shares of Von's for 2,303 shares of stock in the petitioner. The substitution of the petitioner as a stockholder in Von's Inc. in lieu of Charles and Linda Von Der Ahe, and the attempt to step up the basis for the 23,015 shares of stock formerly owned by Charles Von Der Ahe, were in furtherance of the plan of reorganization in the Merrill contract, as amended, because the individuals controlled the petitioner by virtue of their ownership of 100 percent of its outstanding capital stock. This absolute control enabled them to vote petitioner's assets, which consisted of 30,441 shares of Von's Inc., just as effectively as when these shares were owned by the husband and wife, individually. Through the petitioner they consummated the plan of reorganization embodied in the Merrill contract, and their acts in creating the petitioner and in transferring the stock of Von's thereto, while circuitous in route, as compared to the direct transfer which could have resulted if they had remained stockholders in Von's, was nonetheless in furtherance of the plan of reorganization. Our analysis of the testimony and the acts of the several parties, corporate and individual, convinces us that the intent and purpose of Linda Von Der Ahe in transferring her stock to petitioner, and the intent and purpose of Grocers in transferring its stock to the petitioner, were "in furtherance of, and for the purpose of executing and putting into effect, the plan of reorganization embodied in the Merrill contract."

In its opinion, 92 Fed. (2d) 861, the Circuit Court stated:

\* \* \* If, as seems likely, both transfers were made in furtherance of, and for the purpose of executing and putting into effect, the plan of reorganization embodied in the Merrill contract, they should, we think, be treated as one transaction and held to be a transaction described in section 112 (b) (5), notwithstanding they were made by different persons and were separated by an interval of five weeks.

The court then pointed out that it was not authorized to make findings of fact, and reversed the Board, remanding the case to us with the directions hereinabove set forth. Since we have found that the transfers were made in connection with the plan of reorganization embodied in the Merrill contract as amended, and since the opinion of the Circuit Court indicates that, if such were the facts, we had reached the proper conclusion in our prior decision, we hold, for the reasons set forth in 33 B. T. A. 30, that respondent correctly determined the basis upon which petitioner's gain should be computed. Cf. *Commissioner* v. *Griffiths* (C. C. A., 7th Cir.), 103 Fed. (2d) 110; and *Belle G. Loewenberg*, 39 B. T. A. 844.

*Decision will be entered for the respondent.*